**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| WU XIAOFENG<br><br>          Plaintiff,<br><br>v.<br><br>MICHAEL R. POMPEO,[1] Secretary,<br>U.S. Department of State,<br><br>          Defendant. | No. 15-cv-1040 (EGS) |

## <u>MEMORANDUM OPINION</u>

Plaintiff Wu Xiaofeng ("Ms. Xiaofeng"), proceeding *pro se*, brings this employment discrimination lawsuit against Defendant Michael R. Pompeo, in his official capacity as the Secretary of the United States Department of State (the "Secretary") under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, claiming that her supervisors in the State Department's Chinese Section of the Foreign Service Institute ("FSI") refused to promote her because of her national origin. Ms. Xiaofeng, a United States citizen born in China, contends that her position as an instructor never required her to speak perfect English. But her supervisors allegedly discriminated against her based on her accent, created a hostile work environment, and retaliated against her for reporting the discrimination and harassment.

---

[1] Michael R. Pompeo has been automatically substituted as the defendant in this case. *See* Fed. R. Civ. P. 25(d).

Pending before the Court are Ms. Xiaofeng's objections to Magistrate Judge G. Michael Harvey's Report and Recommendation ("R&R"), which recommends that this Court grant in part and deny in part the Secretary's motion to dismiss the amended complaint. *See generally* R&R, ECF No. 21. Upon consideration of the R&R, Ms. Xiaofeng's objections, the Secretary's response to those objections, and the relevant law, the Court adopts Magistrate Judge Harvey's R&R and **GRANTS IN PART** and **DENIES IN PART** the Secretary's motion to dismiss.

## I.    Background

The factual background in this case, which is set forth in the R&R, will not be repeated in full here. *See* R&R, ECF No. 21 at 2-8.[2] The Court adopts and incorporates Magistrate Judge Harvey's thorough recitation of the facts. *See id.*[3]

---

[2] When citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document.

[3] Magistrate Judge Harvey cited and relied on several documents that were not attached to the amended complaint. *See* R&R, ECF No. 21 at 2-5. However, such reliance was proper as those documents were either "incorporated by reference in the complaint, or documents upon which the plaintiff's complaint necessarily relies . . . ." *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (internal citations and quotations omitted). Magistrate Judge Harvey properly took judicial notice of certain documents that Ms. Xiaofeng had attached as exhibits to her initial complaint, but failed to attach to the amended complaint. *See, e.g.*, R&R, ECF No. 21 at 10-11; Fed. R. Evid. 201 (courts may take judicial notice of adjudicative facts); *Vasser v. McDonald*, 228 F. Supp. 3d 1, 7-8, 9-10 (D.D.C. 2016)(taking judicial notice of

## A. Factual Background

Ms. Xiaofeng, a Chinese-born United States citizen and native Mandarin Chinese speaker, has over twenty-five years of experience teaching Mandarin Chinese. *See, e.g.*, Def.'s Ex. 1, ECF No. 12-2 at 19; Def.'s Ex. 2, ECF No. 12-2 at 24. Having earned two graduate degrees, she worked for the State Department's FSI in Arlington, Virginia for nearly twenty years. *See* Def.'s Ex. 5, ECF No. 18-5 at 3; *see also* Def.'s Ex. 2, ECF No. 12-2 at 24. Ms. Xiaofeng served as a Language and Culture Instructor in FSI's Chinese Section. *See* Def.'s Mem. of Points & Authorities in Support of Def.'s Mot. to Dismiss ("Def.'s Mem."), ECF No. 12-1 at 2; *see also* Def.'s Ex. 1, ECF No. 12-2 at 3, 19. Her position was at a GG-11 level. Compl., ECF No. 1

---

administrative orders and administrative complaints not attached to the complaint: "[i]f courts could not take judicial notice of such public documents, plaintiffs who obviously had not complied with the administrative-exhaustion process could survive motions to dismiss purely by failing to attach their administrative complaint."). Magistrate Judge Harvey also properly took judicial notice of the administrative documents included in the Secretary's submissions to resolve the issue of whether Ms. Xiaofeng exhausted her administrative remedies. *See* R&R, ECF No. 21 at 10-11; *see also Sierra v. Hayden*, 254 F. Supp. 3d 230, 237 (D.D.C. 2017) ("[T]he Court need not convert Defendant's motion [to dismiss] into one for summary judgment, because it may take judicial notice of the only administrative documents needed to rule on th[e] motion.").

at 5.[4]

After failing to receive a GG-12 level position,
Ms. Xiaofeng lodged an informal complaint with the State
Department's Office of Civil Rights ("OCR") in October 2009. *See*
Def.'s Ex. 1, ECF No. 12-2 at 8-10; *see also* Def.'s Ex. 4, ECF
No. 12-2 at 39. When a new GG-12 level position became
available, she applied for the vacancy and withdrew her informal
complaint. *See* Def.'s Ex. 1, ECF No. 12-2 at 8-10. In January
2010, she learned that she was not hired for the position. *Id.*
at 8. Thereafter, Ms. Xiaofeng contacted an equal employment
opportunity ("EEO") counselor, and she participated in mediation
with the State Department that did not resolve her issues. *See*,
*e.g.*, Def.'s Mem., ECF No. 12-1 at 4; Def.'s Ex. 2, ECF No. 12-2
at 23-27; Def.'s Ex. 3, ECF No. 12-2 at 32.

### 1.    Ms. Xiaofeng's EEO Complaints

Between April 2010 and March 2014, Ms. Xiaofeng filed four
formal EEO complaints with OCR. *See, e.g.*, Am. Compl., ECF No. 5
at 2; Def.'s Ex. 4, ECF No. 12-2 at 38-39 (Apr. 2010 Formal
Compl.); Def.'s Ex. 5, ECF No. 18-5 at 1-6 (Mar. 2011 Formal

---

[4] According to the State Department, "GG" is the "[p]ay plan used
by the Department to denote a pay schedule similar to the
General Schedule ["GS"]. Excepted service positions at the U.S.
Mission to the United Nations (USUN) and the Foreign Service
Institute (FSI) use the GG designation." Civil Service Benefits,
U.S. Dep't of State, https://careers.state.gov/work/benefits/cs/
(last visited Apr. 15, 2019).

Compl.); Def.'s Ex. 3, ECF No. 18-3 at 1-5 (Sept. 2013 Formal
Compl.); Def.'s Ex. 9, ECF No. 18-9 at 1-4 (Mar. 2014 Formal
Compl.). In her first EEO complaint, she avers that she was
discriminated against based on her national origin and accent.
Def.'s Ex. 4, ECF No. 12-2 at 38-39; *see also* Pl.'s Opp'n, ECF
No. 16 at 2 ("[S]peaking perfect English is not a job
requirement for Chinese instruction[.]"). According to
Ms. Xiaofeng, she was denied a promotion in January 2010 in
retaliation for her contact with the EEO counselor in October
2009. *See* Def.'s Ex. 4, ECF No. 12-2 at 39.

As her relationship with her supervisors soured,
Ms. Xiaofeng amended her first EEO complaint in October 2010
following the promotion of one of her former colleagues, Limin
Zheng ("Mr. Zheng"), to a GG-12 position. Def.'s Ex. 3, ECF No.
12-2 at 35. She applied for a GG-12 position six times, and was
denied a promotion each time. *Id.* After reporting Mr. Zheng's
alleged misconduct to her supervisors, she claims that he
received another promotion rather than a reprimand. *Id.*
According to Ms. Xiaofeng, Mr. Zheng eventually became a
supervisor, and he was "in a position to retaliate against
[her]." *Id.* In September 2010, she alleges that she was
subjected to a hostile work environment and her supervisors
started "ganging up to harass and insult" her in front of her
colleagues. *Id.* at 29-30. As a result, Ms. Xiaofeng claims that

she experienced "emotional and physical distress[,]" "bouts of nausea, shortness of breath," and she had "trouble sleeping." *Id.* at 31.

In her second EEO complaint, Ms. Xiaofeng asserts that her supervisors retaliated against her in March 2011. Def.'s Ex. 5, ECF No. 18-5 at 3. This alleged "new wave of retaliation" included limited "career advancement opportunities[,]" "greater oversight," and "letters of reprimand[.]" *Id.* She alleges that the retaliation resulted from, *inter alia*, her reports to management about her EEO complaints and Mr. Zheng's misconduct. *Id.* at 3-5. Ms. Xiaofeng avers that she received "constant[]" critical memoranda from her supervisors, and they sent her a factually-inaccurate warning letter in March 2011. *Id.* She alleges that the harassment and hostility diverted her attention away from preparing for her classes, caused her anxiety, and jeopardized her job security. *Id.*

Ms. Xiaofeng's final two EEO complaints were filed in September 2013 and March 2014, respectively. *See* Def.'s Ex. 3, ECF No. 18-3 at 1-5; *see also* Def.'s Ex. 9, ECF No. 18-9 at 1-4. With respect to the 2013 EEO complaint, she first contacted an EEO counselor on April 10, 2013, alleging that she was retaliated against by her supervisors in March 2013 for "engaging in prior protected activity and opposing discriminatory policies or practices." R&R, ECF No. 21 at 4

6

(citing Am. Compl., ECF No. 5 at 2; Def.'s Ex. 3, ECF No. 18-3 at 1-5); *see also* Def.'s Ex. 1, ECF No. 18-1 at 1. According to Ms. Xiaofeng, she tried to leave FSI's hostile work environment, but her supervisors rejected her request for a detail opportunity within the State Department in the fall of 2012. Def.'s Ex. 1, ECF No. 18-1 at 2. She alleges that she was discriminated against based on reprisal because her supervisor refused to reassign her to a new supervisor in March 2013. *Id*. Ms. Xiaofeng withdrew from the State Department's Alternative Dispute Resolution Program on August 16, 2013, and she filed the EEO complaint on September 10, 2013—twenty-five days after she received the Notice of Right to File a Discrimination Complaint on August 16, 2013. *See, e.g.*, Def.'s Ex. 2, ECF No. 18-2 at 1-2; Def.'s Ex. 3, ECF No. 18-3 at 1-5; Def.'s Ex. 4, ECF No. 18-4 at 1-3. The State Department issued its Final Agency Decision as to the 2013 EEO complaint on November 1, 2013, and Ms. Xiaofeng did not appeal that decision. *See* R&R, ECF No. 21 at 14.

Finally, Ms. Xiaofeng's March 2014 EEO complaint repeats her national origin discrimination, retaliation, and hostile work environment allegations. *See* Def.'s Ex. 9, ECF No. 18-9 at 1-4. She alleges that her supervisors denied her leave to visit her father in China prior to his death because she did not present them with a doctor's note to confirm his condition, and they observed her classroom instruction on the same day that she

7

told one of her supervisors that her father passed away in January 2014. *Id.* at 3. Ms. Xiaofeng points to these alleged incidents and her mistreatment as further proof that her supervisors created a hostile work environment. *Id.* at 3-4.

## 2.    Administrative Proceedings

Following Ms. Xiaofeng's 2010 EEO activity, the State Department issued a final agency decision in May 2012, finding that she did not establish claims for discrimination on the basis of national origin, reprisal, and hostile work environment. Def.'s Ex. 5, ECF No. 12-2 at 41-42. After she appealed that decision in June 2012, the Equal Employment Opportunity Commission ("EEOC")'s Office of Federal Operations affirmed the decision in September 2014. *See, e.g.*, Def.'s Ex. F, ECF No. 12-3 at 4-8; Def.'s Ex. E, ECF No. 12-3 at 2. Ms. Xiaofeng requested reconsideration of that decision, and the Office of Federal Operations denied her request in March 2015 due to her failure to satisfy the requirements for reconsideration pursuant to 29 C.F.R. § 1614.405(c). *See* Compl., ECF No. 1 at 5-7 (Decision on Req. for Recons. (Mar. 27, 2015)).

### B. Procedural History

On June 30, 2015, Ms. Xiaofeng filed the present action against the Secretary and Mr. Zheng. *See* Compl., ECF No. 1.[5]

---

[5] Ms. Xiaofeng's initial complaint, *see* Compl., ECF No. 1, and her four-page amended complaint, *see* Am. Compl., ECF No. 5, do not

Thereafter, the Court granted her leave to file an amended complaint. *See* Pl.'s Mot. to Amend, ECF No. 4. She filed the amended complaint on August 24, 2015, naming the Secretary as the sole defendant. Am. Compl., ECF No. 5 at 1.

On February 1, 2016, the Secretary moved to dismiss the amended complaint under Rule 12(b)(1) and Rule 12(b)(6). *See* Def.'s Mot., ECF No. 12.[6] Ms. Xiaofeng filed an opposition, the Secretary filed a reply, and Ms. Xiaofeng filed a surreply. *See, e.g.*, Pl.'s Opp'n, ECF No. 16; Def.'s Reply, ECF No. 18; Pl.'s Surreply, ECF No. 19.[7] She also filed a notice regarding the status of her EEO complaints. *See* Pl.'s Notice, ECF No. 20.

Magistrate Judge Harvey, having been referred the

---

include numbered paragraphs as required by Federal Rule of Civil Procedure 10(b). *See* Fed. R. Civ. P. 10(b).

[6] The Secretary moved to dismiss the amended complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction, arguing that Ms. Xiaofeng failed to exhaust her administrative remedies. *See, e.g.*, Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 12 at 1; Def.'s Mem., ECF No. 12-1 at 7-8 (citing Fed. R. Civ. P. 12(b)(1)). Magistrate Judge Harvey construed the motion "as one brought solely under Rule 12(b)(6)" after "finding no arguments for dismissal under Rule 12(b)(1) in [the Secretary's] briefing." R&R, ECF No. 21 at 8. The Secretary does not challenge Magistrate Judge Harvey's finding. *See* Def.'s Resp., ECF No. 24 at 1 n.1, 10. Therefore, the Court will construe the Secretary's motion as one brought under Rule 12(b)(6). *See Williams-Jones v. LaHood*, 656 F. Supp. 2d 63, 64 (D.D.C. 2009) (construing a motion to dismiss under Rule 12(b)(6) rather than Rule 12(b)(1)).

[7] Although Ms. Xiaofeng did not seek leave of the Court before filing her surreply, Magistrate Judge Harvey considered it because the Secretary raised issues for the first time in his reply brief. *See* R&R, ECF No. 21 at 7.

Secretary's motion to dismiss, issued the R&R on June 29, 2017. *See* R&R, ECF No. 21; *see also* Minute Order (Apr. 27, 2016). Ms. Xiaofeng submitted objections to the R&R, and the Secretary responded to her objections. This motion is ripe and ready for the Court's adjudication.

## II.  Standard of Review

### A. Objections to a Magistrate Judge's R&R

Pursuant to Federal Rule of Civil Procedure 72(b), a party may file specific written objections once a magistrate judge has entered a recommended disposition. Fed. R. Civ. P. 72(b)(1)-(2). A district court "may accept, reject or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to[.]" Fed. R. Civ. P. 72(b)(3). "If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R&R] only for clear error." *Alkanani v. Aegis Def. Servs., LLC*, 976 F. Supp. 2d 13, 23 (D.D.C. 2014) (quoting *Houlahan v. Brown*, 979 F. Supp. 2d 86, 88 (D.D.C. 2013)).

Proper objections "shall *specifically* identify the portions of the proposed findings and recommendations to which objection

is made and the basis for objection." LCvR 72.3(b) (emphasis
added). "[O]bjections which merely rehash an argument presented
to and considered by the magistrate judge are not 'properly
objected to' and are therefore not entitled to *de novo* review."
*Shurtleff v. EPA*, 991 F. Supp. 2d 1, 8 (D.D.C. 2013) (quoting
*Morgan v. Astrue*, No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa.
Oct. 30, 2009)). A court need not consider cursory objections
made only in a footnote. *Hutchins v. District of Columbia*, 188
F.3d 531, 539 n.3 (D.C. Cir. 1999); *see also Potter v. District
of Columbia*, 558 F.3d 542, 553 (D.C. Cir. 2009) (Williams, J.,
concurring) ("[J]udges are not like pigs, hunting for truffles
buried in briefs or the record." (citation and internal
quotation marks omitted)).

"The objections of parties appearing *pro se* are 'generally
accorded leniency' and should be construed 'to raise the
strongest arguments that they suggest.'" *DiPilato v. 7-Eleven,
Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (quoting *Milano
v. Astrue*, 05-CV-6527, 2008 WL 4410131, at *24 (S.D.N.Y. Sept.
26, 2008)); *see also Houlahan*, 979 F. Supp. 2d at 88 (reviewing
*de novo* the R&R, "although many of Plaintiff's objections [were]
conclusory or merely repeat[ed] his original arguments, because
of his *pro se* status[.]"). "However, even where an objection has
been filed *pro se*, '[a]n objection to a [R&R] in its entirety
does not constitute a specific written objection within the

meaning of Rule 72(b).'" *Williams v. Woodhull Med. & Mental Health Ctr.*, 891 F. Supp. 2d 301, 310 (E.D.N.Y. 2012) (quoting *Healing Power, Inc. v. Ace Cont'l Exports, Ltd.*, No. 07-cv-4175 (NGG)(RLM), 2008 WL 4693246, at *1 (E.D.N.Y. Oct. 17, 2008)).

### B. Motion to Dismiss

The Secretary moves to dismiss the amended complaint on the ground that the operative complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) motion tests the legal sufficiency of a complaint[.]" *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "[T]he complaint is construed liberally in the plaintiff['s] favor, and [the Court] grant[s the] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Comm'cns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A complaint survives a motion under Rule 12(b)(6) only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, (2007)). A complaint alleging facts which are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (*citing Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted), but it, too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. District of Columbia Off. of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Although detailed factual allegations are not required at the pleading stage, a complaint must offer more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678 (citations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *id.* (quoting *Twombly*, 550 U.S. at 555), and a complaint which merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" *id.* (quoting *Twombly*, 550 U.S. at 557), is equally unavailing.

## III. Analysis

In her amended complaint, Ms. Xiaofeng asserts three Title VII claims: (1) her supervisors discriminated against her based on her national origin; (2) they retaliated against her for complaining about this discrimination and engaging in prior protected activity; and (3) they created a hostile work environment to build a case to terminate her employment. *See* Am. Compl., ECF No. 5 at 1-4.[8]

The Secretary advances four grounds for dismissal: (1) Ms. Xiaofeng failed to exhaust her administrative remedies as she must to bring the Title VII claims, *see* Def.'s Mem., ECF No. 12-1 at 1, 7-8; (2) she alleged no facts to support her discrimination claim that her supervisors targeted her because of her national origin, *see id.* at 12-13; (3) her retaliation claim fails because she did not allege sufficient facts to create a causal connection between the adverse employment actions (failure to receive promotions) and her participation in

---

[8] The amended complaint does not explicitly reference Title VII. *See generally* Am. Compl., ECF No. 5; *see also* R&R, ECF No. 21 at 12 (stating that the operative "[c]omplaint—while still not a model of clarity—attempts to allege three Title VII claims[.]"). The Court assumes that Ms. Xiaofeng has pled claims under Title VII because: (1) the parties "both responded in subsequent filings as if Title VII had been pled[;]" (2) "filings by *pro se* litigants should be read together[;]" and (3) *pro se* complaints should be "construed liberally[.]" *Heard v. U.S. Dep't of State*, No. CIV.A. 08-02123 RBW, 2010 WL 3700184, at *5 n.6 (D.D.C. Sept. 17, 2010) (citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999); *Newby v. Obama*, 681 F. Supp. 2d 53, 55 (D.D.C. 2010)).

protected activity (her prior EEO complaints), *see id.* at 14-15;
and (4) she fails to allege facts, "individually or
cumulatively, to establish a hostile work environment [claim]"
because she only "describe[s] quotidian acts or events[.]", *id.*
at 10.

Magistrate Judge Harvey recommends that the Court dismiss
Ms. Xiaofeng's national origin discrimination and hostile work
environment claims because: (1) Ms. Xiaofeng failed to state a
national origin discrimination claim because the amended
complaint "contains no alleged facts sufficient to give rise to
a conceivable inference, let alone a plausible one, that she was
discriminated against because of her national origin[,]" R&R,
ECF No. 21 at 17; and (2) her hostile work environment claim
also fails because Ms. Xiaofeng made conclusory statements of
unfair treatment by her supervisors that are insufficient to
show that she was subjected to "discriminatory intimidation,
ridicule, and insult that [was] sufficiently severe or pervasive
to alter the conditions of [her] employment and create an
abusive working environment." *Id.* at 22 (quoting *Wise v.
Ferriero*, 842 F. Supp. 2d 120, 125 (D.D.C. 2012) (citation and
internal quotation marks omitted)). Should Ms. Xiaofeng be
permitted to proceed, Magistrate Judge Harvey recommends that
the Court grant her leave to amend her operative complaint to
cure its deficiencies. *Id.* at 18, 25-26.

Magistrate Judge Harvey also recommends that the Court dismiss Ms. Xiaofeng's retaliation claim raised in her 2013 EEO complaint because she failed to exhaust her administrative remedies with respect to the 2013 EEO complaint. *Id.* at 13-14. She filed the 2013 EEO complaint twenty-five days after receipt of the notice to file an EEO complaint rather than the required fifteen days, *id.* at 14 (citing 29 C.F.R. § 1614.106(b)). Since Ms. Xiaofeng failed to appeal the State Department's November 2013 Final Agency Decision, she did not timely file the instant action as to her 2013 EEO complaint within ninety days of receipt of the final action. *Id.* at 14 (citing 29 C.F.R. § 1614.407(a)). Magistrate Judge Harvey found that there was "no basis for tolling these deadlines" under the equitable tolling doctrine because Ms. Xiaofeng "had already filed two other EEO complaints and was familiar with this procedure[.]" *Id.* Further, equitable tolling does not apply in her situation because she does not allege any facts to establish that "[s]he has been pursuing [her] rights diligently," and that she fails to point to any extraordinary circumstance [that] stood in [her] way and prevent[ed] timely filing[.]" *Id.* at 15 (quoting *Horsey v. U.S. Dep't of State*, 170 F. Supp. 3d 256, 267 (D.D.C. 2016)).

Finally, Magistrate Judge Harvey recommends that Ms. Xiaofeng's retaliation claim as to the 2010, 2011, and 2014 EEO complaints be permitted to proceed. *See id.* at 19-21.

16

Magistrate Judge Harvey found that she alleges that her supervisors denied her promotions and other employment-related opportunities while her EEO complaints were pending, which establishes the required causal connection at the motion to dismiss stage. *Id.* at 20-21 (collecting cases). Magistrate Judge Harvey therefore concludes that "her remaining claims of retaliation be permitted to proceed." *Id.* at 26.

Raising no objections to these recommendations, the Secretary asks this Court to adopt the R&R in its entirety. *See* Def.'s Resp. to Pl.'s Objs. ("Def.'s Resp."), ECF No. 24 at 10. Although Ms. Xiaofeng filed objections to the R&R, which are styled "Discussion and Objection," *see* Pl.'s Objs., ECF No. 22 at 1, the Secretary first argues that her objections were untimely because she filed them after fourteen days of the party's receipt of the R&R. *See* Def.'s Resp., ECF No. 24 at 2-3. The Secretary contends that "[Ms. Xiaofeng] has not presented any arguments or information that merit rejection or modification of the Magistrate Judge's [R&R]." *Id.* at 2.

Before addressing the Secretary's arguments in turn, the Court will address Magistrate Judge Harvey's recommendations to which no party has objected. For the reasons discussed below, the Court concludes that Ms. Xiaofeng's retaliation claim as to the 2010, 2011, and 2014 EEO complaints shall be permitted to proceed. The Court dismisses without prejudice Ms. Xiaofeng's

national origin and hostile work environment claims because she has failed to allege sufficient facts to show plausibly that she is entitled to relief for any of those claims.

### A. Un-Objected to Recommendations With Respect to Ms. Xiaofeng's Retaliation Claim

Neither party has objected to the portion of the R&R in which Magistrate Judge Harvey recommends that this Court deny the Secretary's motion as to Ms. Xiaofeng's retaliation claim. *See, e.g.*, R&R, ECF No. 21 at 19-21; Pl.'s Objs., ECF No. 22 at 1-12; Def.'s Resp., ECF No. 24 at 1-12. "In order to state a claim of retaliation under Title VII . . ., the plaintiff must allege a protected activity, a materially adverse action, and a causal link between the two." *Kangethe v. District of Columbia*, No. CV 18-64 (CKK), 2019 WL 266329, at *3 (D.D.C. Jan. 18, 2019) (citing *Allen v. Johnson*, 795 F.3d 34, 39 (D.C. Cir. 2015)); *see also Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998) ("A tangible employment action constitutes a significant change in employment status, such as . . . failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.").

Although the Secretary argued that there is no temporal or causal connection between the adverse employment actions and the protected EEO activity, *see* Def.'s Mem., ECF No. 12-1 at 14, Magistrate Judge Harvey concluded that Ms. Xiaofeng's

allegation—"that she has been denied promotional and other employment-related job opportunities *while* her EEO complaints were still being processed at the administrative level—"is sufficient, at [the motion to dismiss] stage to satisfy the causation requirement for a claim of retaliation." *Id.* at 20-21 (emphasis in original) (collecting cases). Magistrate Judge Harvey noted that "[t]his recommendation does not apply to the retaliation claim raised in Plaintiff's 2013 EEO complaint, which she failed to exhaust." *Id.* at 21 n.7. The parties do not challenge these findings. *See* Pl.'s Objs., ECF No. 22 at 1-12; *see also* Def.'s Resp., ECF No. 24 at 1-12. Having found no clear error in this portion of the R&R, the Court therefore adopts Magistrate Judge Harvey's recommendation to deny the Secretary's motion to dismiss as to Ms. Xiaofeng's retaliation claim.[9]

### B. Whether Ms. Xiaofeng's Objections Were Timely Filed

The Secretary argues that Ms. Xiaofeng's objections were untimely. *See* Def.'s Resp. at 3. As stated in the R&R, "any party who objects to the [R&R] must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this [R&R]." R&R, ECF No. 21 at 26

---

[9] To the extent that Ms. Xiaofeng objected to this portion of the R&R, the Court reaches the same conclusion and dismisses her retaliation claim based on a *de novo* review of this portion of the R&R. *See Houlahan*, 979 F. Supp. 2d at 88 (conducting a *de novo* review of the R&R although the *pro se* plaintiff's objections were conclusory and repeated his original arguments).

(citing LCvR 72.3(b)); *see also* Fed. R. Civ. P. 72(b)(2)
("Within 14 days after being served with a copy of the
recommended disposition, a party may serve and file specific
written objections to the proposed findings and
recommendations."). Magistrate Judge Harvey made clear that
"failure to file timely objections to the findings and
recommendations set forth in this [R&R] may waive their right of
appeal from an order of the District Court that adopts such
findings and recommendation." R&R, ECF No. 21 at 26 (citing
*Thomas v. Arn*, 474 U.S. 140, 142, 155 (1985)); *see also Gov't of
Rwanda v. Johnson*, 409 F.3d 368, 376 (D.C. Cir. 2005)
("[O]bjections to magistrate rulings are forfeited absent timely
challenge in the district court[.]").

According to the Secretary, the 14-day period during which
the parties had to file written objections to the R&R expired on
July 17, 2017. *See* Def.'s Resp., ECF No. 24 at 2-3 (citing R&R,
ECF No. 21 at 26; LCvR 72.3(b)). The Clerk of Court mailed a
copy of the R&R to Ms. Xiaofeng, and she acknowledged receipt of
it on July 3, 2017. *See* Pl.'s Objs., ECF No. 22 at 1; *see also*
Pl.'s Suppl. to Pl.'s Objs. ("Pl.'s Suppl."), ECF No. 23 at 1
(noting that "[t]his new version . . . contains some additional
information not included in [her first objections.]"). The Clerk
of Court received Ms. Xiaofeng's first objections on July 19,
2017 through the mail, and her supplemental objections on July

20

21, 2017. *E.g.*, Pl.'s Objs., ECF No. 22 at 1; Pl.'s Suppl., ECF No. 23 at 16. Because she filed the objections after July 17, 2017, the Secretary contends that her objections were untimely. *See* Def.'s Resp. at 3.

The Court disagrees with the Secretary that Ms. Xiaofeng's first objections were untimely, but the Court agrees that Ms. Xiaofeng's supplemental objections were not timely. Because the Clerk of Court mailed the R&R to Ms. Xiaofeng's address, the Court treats her first objections as timely filed because the deadline was extended by three days to July 20, 2017. *See* Fed. R. Civ. P. 6(d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C) (service by mail to last known address))); *see also* Def.'s Resp., ECF No. 24 at 12 (certifying service by mail to Ms. Xiaofeng's address of record). The Court, however, will not consider her untimely supplemental objections. *See Means v. District of Columbia*, 999 F. Supp. 2d 128, 134 (D.D.C. 2013) (declining to consider the merits of a party's untimely objection to a magistrate judge's R&R).

Having determined that Ms. Xiaofeng's first objections were timely, the Court next turns to those objections.

### C. Ms. Xiaofeng's Objections

In her objections, Ms. Xiaofeng states that she "wish[es] to discuss and argue against dismissal of [her] hostile work

environment claim and language discrimination claim." Pl.'s Objs., ECF No. 22 at 1. She also states that she "wish[es] to discuss EEO process issues at FSI." *Id.* She attaches certain e-mail communications and excerpts from a previous letter to her supervisors. *See id.* at 8, 10-34. Finally, Ms. Xiaofeng asserts allegations raised in her 2017 EEO complaint, arguing that: (1) her supervisors rejected her multiple requests to attend a leadership training program; and (2) the Associate Dean of the FSI's School of Language Studies denied her a detail opportunity in August 2016. *See id.* at 7-8; *see also* Def.'s Ex. 2, ECF No. 24-2 at 4 (Formal Compl. June 2017) (stating that the Associate Dean "rejected a detail opportunity that had been offered to [her]" and "he has blocked three additional career advancement opportunities."), 5 ("I have applied three times for . . . leadership training. All three times I was denied[.]").

Although Ms. Xiaofeng does not raise specific objections to the R&R, *see generally* Pl.'s Objs., ECF No. 22 at 1-34, the Secretary responds to them under the lenient construction accorded *pro se* objections, *see DiPilato*, 662 F. Supp. 2d at 340. According to the Secretary, Ms. Xiaofeng's objections are "an apparent attempt to bolster her hostile work environment and national origin discrimination claim[s]" and they "set[] forth a number of additional allegations not previously raised in [her]

Amended Complaint." Def.'s Resp., ECF No. 24 at 3.[10] The Secretary makes three primary arguments to rebut Ms. Xiaofeng's objections. First, the Secretary contends that the Court should exclude her allegations raised in her 2017 EEO complaint because Ms. Xiaofeng did not exhaust her administrative remedies as to those allegations. *See* Def.'s Resp., ECF No. 24 at 4-6. Next, the Secretary argues that the alleged denial of the ability to participate in a leadership training program in 2016 does not support Ms. Xiaofeng's national origin discrimination claim, *see id.* at 6. Finally, the Secretary points out that Ms. Xiaofeng improperly asserts new allegations in support of her hostile work environment claim that merely "consist of discrete acts of alleged retaliation which . . . do not constitute a pervasive pattern of severe harassment." *Id.* at 7. The Secretary goes on to argue that Ms. Xiaofeng rehashes arguments that Magistrate Judge Harvey aptly rejected. *See id.* at 8-9. The Court will address each argument in turn.

---

[10] The Court rejects the Secretary's argument that Ms. Xiaofeng's pleadings cannot be amended through her opposition brief, *see* Def.'s Resp., ECF No. 24 at 3, because "the *pro se* litigant may, "in effect, supplement his [or her] complaint with the allegations included in his [or her] opposition." *Magowan v. Lowery*, 166 F. Supp. 3d 39, 58 (D.D.C. 2016) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)).

### 1. Ms. Xiaofeng Failed to Exhaust Her Administrative Remedies With Respect to the Allegations in the 2017 EEO Complaint

In June 2017, Ms. Xiaofeng filed a formal complaint with OCR, and, in July 2017, OCR accepted in part and dismissed in part her allegations. *See, e.g.*, Def.'s Resp., ECF No. 24 at 4; Def.'s Ex. 2, ECF No. 24-2 at 4; Def.'s Ex. 1, ECF No. 24-1 at 1-6. Based on her 2017 EEO complaint, she was discriminated against because of her national origin and "as acts of reprisal for [her] prior protected EEO activity[.]" Def.'s Ex. 2, ECF No. 24-2 at 1. OCR identified three specific allegations: (1) she was denied a detail opportunity in August 2016; (2) she has "repeatedly been denied the opportunity to participate in leadership training programs, as recent as August 2016"; and (3) she was "subjected to a hostile work environment characterized by, but not limited to rumors spread about [her]." *Id.* The Secretary argues that the Court may not consider these allegations because Ms. Xiaofeng did not exhaust her administrative remedies as to those allegations. *See* Def.'s Resp., ECF No. 24 at 3-6.

Ms. Xiaofeng was required to exhaust her administrative remedies before bringing her Title VII claims. *See* 42 U.S.C. § 2000e-16(c). "[I]f a plaintiff wishes to bring a suit in federal court, his or her complaint must be pending before the agency or the EEOC for at least 180 days, or plaintiff must be notified by

the EEOC of his or her right to sue through the issuance of a right-to-sue letter, and bring suit within ninety days." *Greggs v. Autism Speaks, Inc.*, 935 F. Supp. 2d 9, 12 (D.D.C. 2013) (citing 42 U.S.C. §§ 2000e-5(f)(1), 2000e-16(c)); *see also Hunter v. District of Columbia*, 905 F. Supp. 2d 364, 371–72 (D.D.C. 2012) (refusing to consider documents attached to *pro se* objections to a R&R that plaintiff failed to submit during the motion to dismiss briefing because such new evidence did not show, among other things, that his suit was filed "after his complaint had been pending before the EEOC for at least 180 days."). "The purpose of the [administrative exhaustion] doctrine is to afford the agency an opportunity to resolve the matter internally and to avoid unnecessarily burdening the courts." *Wilson v. Peña*, 79 F.3d 154, 165 (D.C. Cir. 1996). The Secretary bears the burden of showing that Ms. Xiaofeng failed to exhaust her administrative remedies as to her Title VII claims. *See Johnson v. Billington*, 404 F. Supp. 2d 157, 162 (D.D.C. 2005) ("Failure to exhaust administrative remedies is considered an affirmative defense[,] .... [and] [a]s such, 'the defendant bears the burden of pleading and proving it.'" (quoting *Bowden v. United States*, 106 F.3d 433, 438 (D.C. Cir. 1997))).

The Secretary has met his burden. *See id.*; *see also* Def.'s Resp., ECF No. 24 at 4-6. The Secretary correctly points out

that Ms. Xiaofeng's allegations in her 2017 EEO complaint were
not raised in her amended complaint. Def.'s Resp., ECF No. 24 at
4. Rather, Ms. Xiaofeng raised the allegations in the 2017
complaint for the first time in her objections without
administrative exhaustion of those allegations. *See Howard v.
Fenty*, 580 F. Supp. 2d 86, 90 (D.D.C. 2008) ("Plaintiffs must
exhaust their Title VII claims prior to raising them for the
first time in a lawsuit, and the law in this Circuit is clear
that an allegation as to one type of discrimination does not
exhaust all administrative remedies as to another type of
alleged discrimination."). Further, the EEOC could not have
completed its investigation of her claims in the 2017 complaint,
*see* 29 C.F.R. § 1614.108(f), or resolved the matter
administratively, *see Greggs*, 935 F. Supp. 2d at 13, between the
date that Ms. Xiaofeng filed her 2017 formal complaint (June 1,
2017) and the date that she filed her first objections to the
R&R (July 19, 2017). She does not argue that her failure to
exhaust administrative remedies should be excused under the
doctrine of equitable estoppel or equitable tolling. *See Steele
v. Schafer*, 535 F.3d 689, 693 (D.C. Cir. 2008) ("[A] court may
not consider a discrimination claim that has not been exhausted
in this manner absent a basis for equitable tolling."). Because
the Court agrees with the Secretary that Ms. Xiaofeng's
allegations raised in her 2017 complaint are not properly before

the Court, the Court therefore cannot consider them.[11]

### 2. **Ms. Xiaofeng Has Failed to Sufficiently Plead a National Origin Discrimination Claim**

Magistrate Judge Harvey found that Ms. Xiaofeng failed to put forth sufficient facts to allege that her supervisors discriminated against her based on her national origin and accent. R&R, ECF No. 21 at 17-18. The Secretary contends nothing in Ms. Xiaofeng's objections "warrant[] a departure" from the R&R. Def.'s Resp., ECF No. 24 at 6. The Court agrees.

Under Title VII, it is unlawful for an employer to "discriminate against any individual with respect to his . . . employment, because of such individual's race, color, religion, sex, or *national origin*." 42 U.S.C. § 2000(e-2)(a)(1) (emphasis added). Ms. Xiaofeng must establish "two essential elements": "(i) the plaintiff suffered an adverse employment action (ii) because of the plaintiff's race, color, religion, sex, national origin, age, or disability." *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008). "To prevail on a motion to dismiss, it is not necessary to establish a *prima facie* case[.]"

---

[11] To the extent that Ms. Xiaofeng's 2017 complaint presents new issues, courts have recognized that Federal Rule of Civil Procedure 72(b) "does not permit a litigant to present new initiatives to the district judge." *Taylor v. District of Columbia*, 205 F. Supp. 3d 75, 89 (D.D.C. 2016) (quoting *Aikens v. Shalala*, 956 F. Supp. 14, 19 (D.D.C. 1997)). "[O]nly those issues that the parties have raised in their objections to the Magistrate Judge's [R&R] will be reviewed by th[e] court." *M.O. v. District of Columbia*, 20 F. Supp. 3d 31, 37 (D.D.C. 2013) (quoting *Aikens*, 956 F. Supp. at 19).

*Greer v. Bd. of Trs. of the Univ. of the D.C.*, 113 F. Supp. 3d 297, 310 (D.D.C. 2015) (citing *Gordon v. U.S. Capitol Police*, 778 F.3d 158, 162 (D.C. Cir. 2015)). Nonetheless, Ms. Xiaofeng "must allege 'facts that, if true, would establish the elements of each claim[.]'" *Greer*, 113 F. Supp. 3d at 310 (quoting *Tressler v. Nat'l R.R. Passenger Corp.*, 819 F. Supp. 2d 1, 5 (D.D.C. 2011)).

Ms. Xiaofeng asserts that she repeatedly applied for GG-12 level positions and her supervisors refused to promote her to those positions based on her national origin and accent. *See* Pl.'s Opp'n, ECF No. 16 at 2; *see also* Pl.'s Objs., ECF No. 23 at 8. She insists that "she was better qualified than the selectee[s]" and "there exists a preference for those whose primary language is English" because "the last four promotions to GG-12 [level positions] . . . each selectee was trained in English while attending a Chinese university." Def.'s Ex. 1, ECF No. 12-2 at 9; *see also* Pl.'s Objs., ECF No. 23 at 8. Ms. Xiaofeng appears to allege that her graduate-level degrees and her many years of teaching experience show that her superior qualifications entitled her to a GG-12 level promotion. *See, e.g., id.* at 10; Pl.'s Objs., ECF No. 23 at 7; Def.'s Ex. 2, ECF No. 12-2 at 24.

"The Court can dispense with the [national origin discrimination] claim quickly, as [her] argument[s] ha[ve] an

obvious shortcoming: [Ms. Xiaofeng] provides no facts that could possibly give rise to an inference that any failure to [promote her] was due to [national origin] discrimination." *Wu v. Special Counsel*, Inc., 54 F. Supp. 3d 48, 52 (D.D.C. 2014), *aff'd sub nom*., No. 14-7159, 2015 WL 10761295 (D.C. Cir. Dec. 22, 2015). Neither party disputes that "accent" and "national origin are often intertwined," *Beaver v. McHugh*, 840 F. Supp. 2d 161, 172-73 (D.D.C. 2012), nor do they disagree that the failure to promote constitutes an adverse employment action, *see Ellerth*, 524 U.S. at 761. "Even if speaking Mandarin were a proxy for national origin . . . Title VII does not segregate people based on years of education or native language study." *Wu*, 54 F. Supp. 3d at 53 (citations omitted).

In *Wu*, the plaintiff was a native Mandarin Chinese speaker who argued that "he was discriminated against because of his native language, and thus because of his national origin." *Id.* He alleged that he was denied employment because "he [was] more educated in the language than other native speakers[.]" *Id.* The court dismissed his national origin discrimination claim because the plaintiff did "not allege that any Defendant refused to hire him because of his national origin, or even because of the language he speaks[.]" *Id.*

Ms. Xiaofeng has not done so here either. She does not allege any facts to link her failure to receive promotions to

her national origin or accent. She fails to "plead facts sufficient to show that her claim has substantive plausibility[.]" *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014). As recognized by Magistrate Judge Harvey, the gravamen of Ms. Xiaofeng's national origin discrimination claim is that her former colleague received a GG-12 level position after she reported him to her supervisors for his alleged misconduct, he later became a supervisor, and he subjected her to mistreatment, harassment, and retaliation. *See* R&R, ECF No. 21 at 17; *see also* Def.'s Ex. 3, ECF No. 12-2 at 35. The Court agrees with Magistrate Judge Harvey's "generous reading of Plaintiff's pleadings" and finding that these allegations are insufficient to state a claim for national origin discrimination. R&R, ECF No. 21 at 17. Accordingly, the Court adopts Magistrate Judge Harvey's recommendation to dismiss without prejudice the national origin discrimination claim.

### 3. Ms. Xiaofeng Has Not Established a Plausible Hostile Work Environment Claim

Ms. Xiaofeng's "laundry list of allegations of harassment and wrongful conduct are also not actionable as a hostile work environment claim." *Wu*, 54 F. Supp. 3d at 69. In her objections, Ms. Xiaofeng asserts that for "[s]even years" she has been "living in this fearful, hostile work environment" that has "totally destroyed [her] enjoyment for the job, [her] dignity,

[her] concentration and pride." Pl.'s Objs., ECF No. 22 at 1. According to Ms. Xiaofeng, her supervisors "fabricated" incidents of her poor performance, *id.*, cited her for being absent without leave when she was meeting with an EEO counselor, *id.* at 2, denied her requests for leave, *id.* at 4, micromanaged her work, *id.* at 4-5, removed her from a program coordinator position in 2011 and 2013, *id.* at 5, and humiliated her in the presence of her colleagues, *id.* at 5-6. The Secretary argues that these incidents do not amount to actionable harassment because "such allegations are not sufficiently severe or pervasive to rise to the level necessary to support a hostile work environment claim." *See* Def.'s Resp., ECF No. 24 at 9 (citing *Holmes-Martin v. Sebelius*, 693 F. Supp. 2d 141, 165 (D.D.C. 2010)).

"Harassment is actionable only when it rises to the level of 'permeat[ing] the workplace with *discriminatory* intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment,' and thereby constitutes a hostile work environment." *Magowan*, 166 F. Supp. 3d at 69 (quoting *Stewart v. Evans*, 275 F.3d 1126, 1133 (D.C. Cir. 2002) (emphasis added)); *see also Baird v. Gotbaum*, 792 F.3d 166, 168 (D.C. Cir. 2015) (recognizing that a hostile work environment claim is a "special type of retaliation claim" that "consists of several individual acts that 'may not be actionable

on [their] own' but become actionable due to their "cumulative effect." (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002)).

The Court cannot deviate from Magistrate Judge Harvey's findings that Ms. Xiaofeng's "allegations, by themselves, are insufficient to establish a plausible hostile work environment." R&R, ECF No. 21 at 23. The Secretary correctly points out that "many of the allegations in [Ms. Xiaofeng's] [objections] consist of discrete acts of alleged retaliation which, as explained by the Magistrate Judge, do not constitute a pervasive pattern of severe harassment." Def.'s Resp., ECF No. 24 at 7 (citing R&R, ECF No. 21 at 23-24, n.8). It is clear that Ms. Xiaofeng has alleged a number of incidents based on her experience in FSI that caused her fear and humiliation, *see* Pl.'s Objs., ECF No. 23 at 1-7, but those allegations do not rise to the level of conduct that is sufficiently severe or pervasive to state a hostile work environment claim. *See Baird*, 792 F.3d at 168-69 ("Title VII is aimed at preventing discrimination, not auditing the responsiveness of human resources departments[.]"). Further, Ms. Xiaofeng alleges no links between the hostile work environment and her national origin or accent. *See Magowan*, 166 F. Supp. 3d at 70 (dismissing a hostile work environment claim where plaintiff made "no allegation at all linking any harassment to her [protected]

status"). The Court therefore adopts Magistrate Judge Harvey's recommendation to dismiss without prejudice Ms. Xiaofeng's hostile work environment claim.

## IV. Conclusion

For the reasons set forth above, the Court adopts Magistrate Judge Harvey's R&R. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the Secretary's motion to dismiss the amended complaint. The Court **DISMISSES** without prejudice Ms. Xiaofeng's national origin discrimination and hostile work environment claims. Ms. Xiaofeng's remaining claim is her retaliation claim as to her 2010, 2011, and 2014 EEO complaints. An appropriate Order accompanies this Memorandum Opinion.

      **SO ORDERED**

      **Signed:    Emmet G. Sullivan**
                    **United States District Judge**
                    **April 17, 2019**